O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE MILAN,<br><br>   Plaintiff,<br>   v.<br>QUALITEST PHARMACEUTICALS, INC.; CVS/PHARMACY; and DOES 1–10, Inclusive,<br><br>   Defendants. | Case No. 2:12-cv-04398-ODW (AGRx)<br><br>**ORDER GRANTING GARFIELD BEACH CVS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [11]** |

Before the Court is Defendant Garfield Beach CVS, LLC's (erroneously sued as CVS/Pharmacy) Motion to Dismiss Plaintiff Jacqueline Milan's Complaint. (ECF No. 11.) Because Plaintiff's sole claim against CVS fails as a matter of law, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend.

Initially, the Court notes that Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12.

The hearing on Defendant's motion was set for July 16, 2012. Plaintiff's opposition was therefore due by June 25, 2012. As of the date of this Order, Plaintiff

has not filed an opposition, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court has carefully considered Defendant's arguments in support and, for the reasons discussed in Defendant's papers, hereby **GRANTS** Defendant's Motion to Dismiss. The July 16, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

Plaintiff's Complaint asserts a single cause of action against CVS Pharmacy for strict products liability for selling Plaintiff an oral contraceptive with allegedly defective packaging. But Plaintiff's claim against CVS Pharmacy is precluded as a matter of established California law. *See Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672, 681 (1985) (affirming trial court's grant of summary judgment in favor of pharmacy on grounds that a pharmacy cannot be held strictly liable for dispensing a prescription drug). Accordingly, Plaintiff's sole claim for strict products liability is **DISMISSED WITH PREJUDICE** as against Defendant CVS Pharmacy.

**IT IS SO ORDERED.**

July 3, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**